UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

July 16, 1992.

Morgan, Lewis & Bockius, Barbara M. Cummins, New York City (Matkov, Salzman, Madoff & Gunn, Chicago, Ill., Jeffrey L. Madoff, of counsel), for applicant Consol. Freightways Corp. of Del.

Public Citizen Litigation Group, Washington, D.C. (Paul Alan Levy, of counsel), for respondents Darrell Walker and Robin Potter.

Otto Obermaier, U.S. Atty., S.D.N.Y. (Steven C. Bennett, Asst. U.S. Atty., of counsel), for U.S.

## OPINION & ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement in the action commenced by the plaintiff United States of America (the "Government") against the defendants International Brotherhood of Teamsters (the "IBT") and the IBT's General Executive Board (the "GEB") embodied in the voluntary consent order entered March 14, 1989 (the "Consent Decree"). The Consent Decree provides for three Court-appointed officials: the Independent Administrator to oversee the Consent Decree's remedial provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to oversee the electoral process leading up to and including the 1991 election for International Officers (collectively, the "Court Officers").

This application arises from a protest filed under the rules for the IBT International Union Delegate and Officer Election (the "Election Rules"). *See* July 10, 1991 Opinion & Order, 742 F.Supp. 94 (S.D.N.Y. 1990), *aff'd*, 931 F.2d 177 (2d Cir.1991). Consolidated Freightways Corporation of Delaware ("Consolidated") has applied to this Court to "enforce" the Independent Administrator's October 22, 1991 decision in *In Re: Darrell R. Walker*, 91—Elec. App.—204 (SA) ("the Independent Administrator's October 22, 1991 decision"). For the reasons stated below, Consolidated's application is denied.

## I. BACKGROUND

The Election Officer is empowered to supervise the implementation of the Consent Decree's electoral provisions, which have already culminated in the first-ever direct rank and file election of IBT International officers. *See* Consent Decree, ¶ 12(D); October 18, 1989 Opinion & Order, 723 F.Supp. 203, 206–07 (S.D.N.Y.), *aff'd*, 931 F.2d 177 (2d Cir.1991). Pursuant to his supervisory authority, the Election Officer promulgated the Election Rules, which were approved as modified by this Court and the Court of Appeals. July 10, 1991 Opinion & Order, 742 F.Supp. 94 (S.D.N.Y. 1990), *aff'd*, 931 F.2d 177 (2d Cir.1991). The Election Rules are the linchpin of the Consent Decree's efforts to cleanse the IBT of La Cosa Nostra's corrupt influences. *United States v. IBT*, 954 F.2d 801, 804 (2d Cir.1992); October 18, 1989 Opinion & Order, 723 F.Supp. at 206–07.

### A. Election Rules Violations

The Election Rules protect, *inter alia*, the rights of IBT members to participate in union election campaign activities, *see* Election Rules, Art. VIII, § 10(a), and enable the Election Officer to respond to violations of the Election Rules, or any other conduct preventing a fair, honest, and open election, with a wide range of remedial measures. *See id.* at Art. XI, § 2. The Election Rules provide a procedure for filing protests for violations of the Election Rules with the Election Officer and for appealing the Election Officer's decisions to the Independent Administrator. *See id.* at Art. XI, § 1. A decision by the Independent Administrator on an Election Rules protest "must be followed unless it is stayed or overturned by the Court." *Id.* at Art. XI, § 1(a)(8).

### B. Walker's Election Rules Protest

This matter involves the Election Rules protest of Darrell Walker ("Walker"), a member of IBT Local 722 in LaSalle, Illinois. Walker is a shop steward who was elected as a delegate to the June 1991 IBT International Union Convention on a slate supporting Ron Carey for General President. Walker supported candidates and slates that were opposed by the incumbent leadership of Local 722. In the delegate election, Walker and his slate defeated the incumbent slate, which included John Jacobs ("Jacobs"), Local 722's Business Agent.

During this time, Walker was employed by Consolidated as a truck driver. On April 5, 1991, Walker was involved in an accident while driving his tractor-trailer on Interstate 94 near Osseo, Wisconsin. On September 4, 1991, Consolidated ruled that the accident was preventable and discharged Walker.

Walker filed a grievance under the collective bargaining agreement between Consolidated and IBT Local 722. The Joint Grievance Committee ("JGC") that heard Walker's claims denied his grievance. Jacobs represented Walker in the grievance proceedings before the JGC.

In Walker's protest before the Election Officer, he claimed that Consolidated, Jacobs, and the JGC that heard his claim retaliated against him for conduct protected by the Election Rules. Specifically, Walker alleged that: (1) Consolidated fired him in retaliation for his political activity; (2) Jacobs failed to represent him properly in the grievance proceeding before the JGC because Walker had opposed him in the delegate election; and (3) the JGC that heard his grievance ruled against him in retaliation for his political views. The Election Officer found that Walker failed to prove his claims and denied his protest. Walker appealed the Election Officer's decision to the Independent Administrator, who gave deference to the Election Officer's factual findings and affirmed the Election Officer in his October 22, 1992 decision. No appeal was taken to this Court.

### C. Walker's Peoria Lawsuit

On March 16, 1992, Walker filed an action against Consolidated pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), in the United States District Court for the Central District of Illinois, Peoria Division

(the "Peoria action"), alleging that his discharge violated the "just cause" provision of the collective bargaining agreement between Consolidated and Local 722. Walker is represented in the Peoria action by Robin Potter, Esq. ("Potter"). Walker's Complaint in the Peoria action alleges that his discharge violated the collective bargaining agreement because: (1) he was not responsible for the accident, Complaint, ¶¶ 14–16; (2) other workers have suffered less severe discipline than him for the same alleged conduct, *Id.* at ¶¶ 12, 19; and (3) Consolidated harbored animus against him because of his election activity, his membership in Teamsters for a Democratic Union ("TDU"), his service as a union steward, and his efforts to enforce the collective bargaining agreement. *Id.* at ¶¶ 10–11.

Walker did not sue Local 722 in the Peoria action. He did, however, allege a violation of the union's duty of fair representation. *See DeCostello v. Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983) (an employee can sue his employer alleging a breach of a collective bargaining agreement and/or his union alleging a breach of the union's duty of fair representation, "but the case he must prove is the same whether he sues one, the other, or both."). Walker's claim that Local 722 breached its duty of fair representation is based on allegations of inadequate handling of his collective bargaining grievance, Complaint, ¶ 23(a)-(d), and a denial of a fair hearing before the JGC. *Id.* at ¶ 24.

Consolidated then filed this application.

## II. DISCUSSION

■ Consolidated's application seeks to "enforce" the Independent Administrator's October 22, 1991 decision. The premise of Consolidated's application is that by filing the Peoria action, Walker seeks to challenge the Independent Administrator's October 22, 1991 decision. Consolidated's Application, ¶ 11 at p. 6. Based on this prem-

ise, Consolidated argues that Walker violated the Election Rules, the Consent Decree, and this Court's January 17, 1990 injunction entered pursuant to the All Writs Act, 28 U.S.C. § 1651(a), in *United States v. IBT,* No. 88 Civ. 4486 (DNE).

Specifically, Consolidated argues that the Peoria action violates Article XI, § 1(a)(8) of the Election Rules because the October 22, 1991 decision of the Independent Administrator has not been stayed or overturned.[1] Consolidated next states, without articulating an argument, that the Peoria action violates Paragraph K of the Consent Decree, which gives this Court exclusive jurisdiction to decide issues relating to the Independent Administrator's authority.[2] Finally, Consolidated argues that the Peoria action violates the express provisions of this Court's All Writs Act Injunction, which enjoined the "filing or taking of any legal action that challenges, impedes, seeks review or relief from, or seeks to prevent or delay any of the court officers ... in any jurisdiction except this Court." January 17, 1990 Opinion & Order, 728 F.Supp. 1032, 1040 n. 5 (S.D.N.Y.), *aff'd,* 907 F.2d 277 (2d Cir.1990). For these violations, Consolidated argues that this Court should order Walker to dismiss the Peoria action and order Walker and Potter to show cause why they should not be held in contempt of court.

The fatal flaw in Consolidated's application is not its faulty reasoning, its failure to fully articulate its arguments, or its misinterpretation of the caselaw. While these problems undoubtedly present obstacles to Consolidated's position, they are the product of one fundamental error: Consolidated's premise. The Peoria action does not seek to "challenge" the Independent Administrator's October 22, 1991 decision. Rather, Walker has filed the Peoria action pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a), which protects a separate

---

1. Article XI, Section 1(a)(8) provides in relevant part that "The decision [of the Independent Administrator] must be followed unless it is stayed or overturned by the Court." Election Rules, Art. XI, § 1(a)(8).

2. Paragraph K provides that this Court shall have "exclusive jurisdiction to decide any and all issues relating to the [Independent] Administrator's actions or authority." Consent Decree, ¶ K at p. 25.

and distinct set of rights than those protected by the Election Rules.

The Election Rules create a source of rights that are " 'designed to supplement, rather than supplant' " rights of employees. *United States v. IBT*, 954 F.2d 801, 809 (2d Cir.1992) (quoting *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 48, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)); *cf. Barrantine v. Arkansas Best Freight Sys.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (an employee who submitted to arbitration under a collective bargaining agreement could still bring an action under the Fair Labor Standards Act in federal district court based on the same facts). Walker's election protest was based on an alleged violation of his rights under the Election Rules; the Peoria action is based on alleged breach of a collective bargaining agreement. *See* Complaint, ¶ 1 (citing Section 301(a) of the LMRA, 29 U.S.C. § 185(a)). While Walker's Election Rules Protest and Peoria lawsuit may involve the same series of events, the Independent Administrator's October 22, 1991 decision merely found that Walker's rights under the Election Rules had not been violated. The Independent Administrator did not determine whether Walker's rights under Section 301(a) of the LMRA, 29 U.S.C. § 185(a), or any other federal labor law, had been violated. Thus, the Peoria action in no way challenges the Independent Administrator's finding that Walker's rights under the Election Rules were not violated. *See, e.g.,* October 29, 1991 Opinion & Order, 776 F.Supp. 144 (S.D.N.Y.), *aff'd,* 954 F.2d 801 (2d Cir.1992).

Consolidated's arguments are frivolous. The Independent Administrator's October 22, 1992 decision did not order Walker to perform any act or enjoin him from performing any act. Thus, there is no order to "enforce," and no violation of the Election Rule's requirement that decisions of the Independent Administrator "must be followed" unless stayed or overturned by this Court. Consolidated's argument that the Peoria action violates the Consent Decree's provision giving this Court exclusive jurisdiction to decide issues relating to the Independent Administrator's authority can best be understood as an argument that Walker has violated this Court's All Writs Act Injunction. The Peoria action does not challenge, impede, or seek review or relief from the Independent Administrator's decision on Walker's Election Protest, nor does it seek to prevent or delay any act of the Court Officers. The Peoria action simply seeks to vindicate rights that exist in addition to and independent from the Consent Decree and the Election Rules.

## CONCLUSION

Consolidated's application is denied.

SO ORDERED.